UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANN DAVIS,<br><br>                          Plaintiff,<br><br>          v.<br><br>AMERICAN COMMERCE INSURANCE COMPANY (ACIC),<br><br>                          Defendant. | No.  4:CV-14-5034-EFS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO STATE COURT** |

Before the Court, without oral argument, is Plaintiff Ann Davis' Motion to Remand to State Court, ECF No. 3.  Plaintiff seeks to remand this matter back to Benton County Superior Court claiming diversity jurisdiction is not met due to a lack of a sufficient amount in controversy.  Having reviewed the pleadings and the file in this matter the Court is fully informed and, for the following reasons, finds the Court does have diversity jurisdiction.

In relevant part, the federal removal statute provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  "The defendant bears the burden of establishing that removal is proper."  *Provincial Gov't of Marinduque v. Placer*

ORDER ~ 1

1 *Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed against removal jurisdiction," *id.*, and removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance," *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation and quotation marks omitted).

A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

Here, Plaintiff maintains that diversity jurisdiction does not exist as the amount in controversy is only $51,000. ECF No. 3. However, a close reading of Plaintiff's Complaint demonstrates otherwise. First, Plaintiff seeks contractual damages. ECF No. 1-1 at 3. As detailed in Plaintiff's motion, ECF No. 3 at 2-3, this amounts to $16,548.73 in damages. Under Washington's Insurance Fair Conduct Act, these actual contractual damages, if proven, can be trebled to $49,646.19 in damages upon a finding the insurer acted unreasonably in denying the claim. *See* RCW 48.30.015(2). Additionally, Plaintiff asserts that Defendant failed "to properly and timely administer and process Plaintiff's casualty loss claim" in violation of both WAC 284-30-370 and WAC 284-30-380. ECF No. 1-1 at 3. Under the Washington Consumer Protection Act, each violation provides for up to $25,000 of trebled actual damages. RCW 19.86.020;

ORDER - 2

1  RCW 19.86.090.  Accordingly, the Court finds that at least $99,646.19
2  is currently recoverable under Washington law as pled in Plaintiff's
3  complaint.  Therefore, as the amount in controversy exceeds $75,000,
4  Plaintiff's motion is denied.

5       Accordingly, **IT IS HEREBY ORDERED**: Plaintiff's Motion to Remand
6  to State Court, **ECF No. 3**, is **DENIED**.

7       **IT IS SO ORDERED.**  The Clerk's Office is directed to enter this
8  Order and provide copies to all counsel.

9       **DATED** this  15th  day of May 2014.

                            s/ Edward F. Shea
                            EDWARD F. SHEA
                    Senior United States District Judge

Q:\EFS\Civil\2014\5034.deny.remand.lc2.docx

ORDER - 3